**COLUMBIAN BUILDING & LOAN CO v RIEKE et**

**STATE ex WARNER v CHRIST et**

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2683 & 2682.  Decided Dec 17, 1936

John W. Bricker, Attorney General, Columbus, and Paul L. Selby, Columbus, for appellant.

Francis M. Thompson, Columbus, for appellees.

## OPINION

By CRAIG, PJ.

These two cases involve the same parties as well as the same questions and were argued and submitted together. In each case the appellant is the Superintendent of Building and Loan Associations in and for the State of Ohio, and as such in charge of the liquidation of The Columbian Building & Loan Company, pursuant to the provisions of §§687 and 687-1, GC, et seq.

The petitions filed in the Common Pleas Court of Franklin County asked for judgment against the appellees, Frank Christ and Louisa S. Christ, among others, on notes executed December 29, 1926, and on mortgages executed at the same time to secure their payment, all of which were executed by the R. B. Campbell Company, which at that time was the owner of record of the mortgaged premises. It is alleged that the R. B. Campbell Company, on June 13, 1927, conveyed the mortgaged premises to the appellees, Frank Christ and Louisa S. Christ, who assumed and agreed to pay said notes and mortgages as a part of the consideration for the conveyance; that the mortgages became absolute and the note due because of the failure to comply with the requirements thereof. In addition to the money judgment prayed for there is a prayer for foreclosure of the mortgages together with a general prayer for relief. To these petitions the appellees, Frank Christ and Louisa S. Christ, filed their answers and later in No. 2683, an amended answer. These pleadings consisted of three parts: (1) A general denial after certain formal and immaterial admissions; (2) A specific denial that they assume payment of the notes and mortgages set forth in the petitions; and (3) that the inclusion of the assumption clause in the deed was by mistake of all parties which was not discovered until the commencement of the foreclosure actions. The prayers of the answers and cross-petitions are that the court find that the appellees did not assume the mortgage indebtedness; that there was no consideration therefor; that the deed be reformed to conform to the terms of the agreement between the parties, and for such other and further relief to which the appellees are entitled. To the amended answer and cross-petition in No. 2683, appellant filed an amended reply consisting of a denial of the affirmative allegations contained therein and alleged that the Christs caused the mortgage lien to be transferred to their respective names upon the records of The Columbian Building & Loan Company and that they paid appellant the installments of principal and interest falling due upon said obligation and conformed to and acknowledged the alleged agreement to assume and agree to pay the mortgage of The Columbian Building & Loan Company. No reply was filed in No. 2682.

Counsel for appellees in his brief states that during the trial the prayer for reformation was abandoned and this is borne out by the judgments rendered by the lower court, which are for the appellees on the issues joined without an order for the reformation of the deed. The action was at law, tried to the court without either a demand for or waiver of a trial by jury. It is only where there is an equitable cross demand that the action becomes equitable in nature. **Gill et v Pelkey et, 54 Oh St** 348. The appeal to this court therefore is on questions of law and will be considered on the assignment of errors set forth in appellants' brief.

The first error claimed is that the trial court erred in admitting testimony as to the contract between Mr. Cornell and the Christs on the ground that it does not contain the language of any agreement with respect to the premises between the grantor, the R. B. Campbell Company, and the Christs who were the grantees in the deed. The court did not err in admitting this contract for the Christs could assert against the mortgagee all defenses and counterclaims they could have employed to defeat a claim based on the assumption clause by either Cornell or the R. B. Campbell Company. 27 O. J., 509. See language of Parker, J., in **Gaw v The Glassboro Novelty Glass Company, 20 O.C.C., 416.** The contract was between Cornell and the Christs whereas the deed was from the R. B. Campbell Company to the Christs, but that circumstance does not alter the situation inasmuch as the R. B. Campbell Company had a contract with Cornell to do certain construction work on the lots and then convey the property to Cornell. For this purpose the R. B. Campbell Company had put up a bond. While legal title to the property was in the R. B. Campbell Company, Cornell had such an interest in it as to permit him to enter into the contract in question and the result is the same as if the R. B. Campbell Company had conveyed the premises to Cornell followed by a conveyance from Cornell to the Christs.

The remaining errors advanced are that

the trial court's decision was contrary to the law and the evidence and that on the first cause of action in each petition, which were on the notes, that judgment should have been rendered for appellant against appellees. These errors will be considered together.

H. E. Thompson and Breyfogle were the real estate agents representing the Christs and Cornells respectively in the exchange of properties. Breyfogle prepared the deed in question and says that not only was the assumption clause omitted when the deed was drawn, but that it was not in the deed when it was executed by the R. B. Campbell Company. After the execution of the deed Breyfogle delivered it to Francis Thompson, attorney for the Christs who had it until the deal was closed some days later. The testimony is vague as to who were present at the closing of the deal, but apparently neither the Christs nor Cornell were there but were represented by their agents, Breyfogle and H. E. Thompson. The closing took place in the office of Francis Thompson, who was present also. There are references in the testimony to the effect that one or more unidentified persons were present and it is intimated that one of these persons may have taken the deed and inserted the assumption clause. These insinuations are so highly improbable and unsubstantial as to be unworthy of consideration. The important facts are that none of the parties to the transaction agreed to the insertion of the assumption clause; that it was contrary to their agreement, and so far as the record shows they knew nothing about it until the commencement of these actions. The assumption clause apparently was not placed in the deed at the time it was drawn because the type is not the same as the remaining typewritten portions of the deed and the punctuation immediately preceding it has been changed so as to permit its inclusion without the use of a new sentence. The deed was kept by Francis Thompson after the closing of the deal and by him filed for record with the Recorder of Franklin County the next day, June 17th, 1927.

It seems improbable that some unidentified person changed the deed. But be that as it may, the alteration was without the knowledge or consent of either Cornell or the Christs and was not ratified in fact or in law by the Christs. Its inclusion, so far as the Christs and Cornell are concerned, was a mutual mistake, for which the Christs are not responsible.

The judgments are affirmed.

HORNBECK and BARNES, JJ, concur.